IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE WARREN M.,[1]             No. 1:19-cv-00151-HZ

        Plaintiff,               OPINION & ORDER

   v.

COMMISSIONER, Social Security
Administration,

        Defendant.

HERNÁNDEZ, District Judge:

Plaintiff brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). Because the Administrative Law Judge (ALJ) erred by improperly discounting

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for non-governmental party's immediate family members.

1 - OPINION & ORDER

Plaintiff's subjective symptom testimony and lay witness testimony, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

## BACKGROUND

Plaintiff was born on September 17, 1968 and was forty-six years old on April 19, 2015, the alleged disability onset date. Tr. 33, 86.[2] Plaintiff met the insured status requirements of the Social Security Act ("SSA" or "Act") through December 31, 2015. Tr. 27. Plaintiff has at least a high school education and is unable to perform any past relevant work. Tr. 33. Plaintiff claims he is disabled based on conditions including degenerative disc disease and depression. Tr. 29.

Plaintiff's benefits application was denied initially on January 14, 2016, and upon reconsideration on April 20, 2016. Tr. 26. A hearing was held before Administrative Law Judge Mark Triplett on August 15, 2018. Tr. 43–85. ALJ Triplett issued a written decision on September 13, 2018, finding that Plaintiff was not disabled prior to August 15, 2018, but became disabled as of that date. Tr. 26–35. The Appeals Council declined review, rendering ALJ Triplett's decision the Commissioner's final decision. Tr. 1–6.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987);

---
[2] Citations to "Tr." refer to the administrative trial record filed here as ECF No. 12.

20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 29.

At step two, the ALJ determined that Plaintiff had a single "severe impairment: Degenerative Disc Disease." Tr. 29. The ALJ found that Plaintiff's depression was not substantiated by sufficient objective medical evidence. Tr. 29.

At step three, the ALJ determined that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29–30.

Before proceeding to step four, the ALJ found that, before August 15, 2018, Plaintiff had the residual functional capacity (RFC) to perform "less than the full range of light work . . . "[e]xcept the claimant can stand and walk 4 hours in an 8-hour day and sit for 6 hours in an 8-hour day. He can occasionally climb ramps, stairs, ladders, ropes and scaffolds. Additionally, the claimant can occasionally balance, stoop, kneel, crouch and crawl." Tr. 30.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 33.

At step five, the ALJ relied on the testimony of a vocational expert to find that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed before August 15, 2018. Tr. 34. However, beginning on August 15, 2018, Plaintiff's age category changed and a finding of "disabled" was directed by Medical-Vocational Rule 201.14. Tr. 35. Accordingly, the ALJ concluded that Plaintiff was not disabled prior to August 15, 2018, but became disabled as of that date. Tr. 35.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff raises four issues on appeal. He argues the ALJ erred by improperly (1) rejecting his subjective symptom testimony; (2) rejecting lay witness testimony; (3) rejecting medical opinion evidence; and (4) "failing to incorporate all medical findings into the RFC."

### I. Plaintiff's Testimony

Plaintiff argues the ALJ improperly discounted his subjective symptom testimony. The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on clear and convincing reasons" (quotation marks and citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ engages in a two-step analysis for subjective symptom evaluation: First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged"; and second, "if the claimant has presented such

evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." (quotation marks and citations omitted)).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

Here, the ALJ found that Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms" and did not identify evidence of malingering. Tr. 31. However, the ALJ went on to conclude that "[a]fter reviewing the entire record and listening to the claimant's testimony at the hearing the undersigned has determined that the claimant is limited as described in the residual functional capacity above." Tr. 31.

The ALJ provided only two reasons to discount Plaintiff's subjective symptom testimony: "[t]he records show that the claimant continued to seek and receive conservative treatment for his back pain; however, they also show that he did so on an inconsistent basis." Tr. 31. As a general matter, an ALJ may rely on inconsistent and conservative treatment to discount subjective symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (ALJ may rely

on an "[u]nexplained, or inadequately explained, failure to seek treatment," absent a good reason); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ may rely on claimant's positive response to conservative treatment). Here, however, the Court cannot determine from the ALJ's opinion what testimony he found not credible, or what evidence he believed undermined that testimony. Rather, the ALJ noted only that Plaintiff received an MRI in January 2017 and less than a month later reported pain to a doctor. In the ALJ's own words, this doctor explained that, although the "MRI showed multilevel degenerative changes throughout the lumbar spine . . . he did not believe surgery would be helpful and based on the claimant's severity of pain and the duration of the symptoms, there is a potential it would make him worse." Tr. 31. The Court does not see how this suggests that Plaintiff's treatment was conservative or inconsistent.

Defendant argues that "the ALJ discounted [Plaintiff's] statements because the medical evidence did not support his allegations." Def. Resp. 2, ECF 14. The Court does not agree; while the ALJ summarized much of the medical record, the Court sees nothing to suggest the ALJ relied on inconsistent medical evidence when evaluating Plaintiff's subjective symptom testimony. The Court may not affirm the ALJ on a ground on which the ALJ did not rely. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The ALJ therefore erred in failing to provide specific, clear, and convincing reasons for discrediting Plaintiff's subjective symptom testimony.

## II.     Lay Witness Testimony

Lay witness testimony regarding a claimant's symptoms or the impact of an impairment on a claimant's ability to work is competent evidence that an ALJ must consider. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012); *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) ("In determining whether a claimant is disabled, an ALJ must

consider lay witness testimony concerning a claimant's ability to work."). Lay witness testimony cannot be disregarded without comment, and the ALJ must give germane reasons for discounting such testimony. *Molina*, 674 F.3d at 1114. Germane reasons must be specific, *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing *Stout*, 454 F.3d at 1053), and may include, for example, conflicts with medical evidence and inconsistent daily activities, *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001).

Here, Plaintiff argues the ALJ improperly rejected the written statements provided by Plaintiff's family members. The ALJ wrote only that:

> these statements do not establish that the claimant's impairments are disabling. Additionally, the accuracy of the conclusions made by third-party sources is questionable because, by virtue of the relationship with the claimant, they cannot be considered a disinterested [third] party witness whose reports of restriction in functioning would not tend to be discolored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges.

Tr. 32.

An ALJ may not disregard lay witness testimony simply because it does "not establish that the claimant's impairments are disabling." The purpose of lay witness testimony is not to establish disability, but to provide first-hand observations on how a claimant's disability affects his ability to work. *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). The ALJ therefore erred in rejecting the lay witness testimony on this basis.

Similarly, an ALJ may not reject lay witness testimony simply because the witness is a member of a plaintiff's family. *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony. To the contrary, testimony from lay witnesses who see the claimant everyday is of particular value[;] . . . such lay witnesses will often be family members."); *Dale v. Colvin*, 823 F.3d 941, 944–45 (9th Cir. 2016) (bias "in the abstract," such as a familial relationship, is not per se a

germane reason to discredit a lay witness). The ALJ therefore erred in rejecting the lay witness testimony on this basis.

Defendant argues the lay witness testimony was contradicted by the opinions of "Drs. Wiggins and Berner, who indicate that Plaintiff could tolerate less than the full range of light work." Def. Resp. 7.[3] While Defendant is correct that an ALJ may discount lay testimony that conflicts with the medical evidence, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), here, the ALJ did not cite inconsistent medical evidence. Again, the Court may not affirm the ALJ on a ground on which the ALJ did not rely. *Burrell*, 775 F.3d at 1141. The ALJ therefore erred in rejecting the lay witness testimony.

### III.    Medical Opinion Evidence

Plaintiff argues the ALJ improperly rejected medical opinion evidence. Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. *Id.*; 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). More weight is also given to an examining physician than to a nonexamining physician. *Garrison*, 759 F.3d at 1012.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If the treating physician's opinion is not

---

[3] While Defendant frames this argument as "harmless error," this is not a case in which the lay witness testimony was coextensive with properly rejected subjective symptom testimony. *See Molina*, 674 F.3d at 1122. Defendant provides no analysis or citation to suggest that harmless error is therefore appropriate here. *See Persons v. Astrue*, No. 3:11–CV–00782–MO, 2012 WL 3264553, *6–7 (D. Or. Aug. 7, 2012) (defendant's argument that the lay witness testimony conflicted with the medical evidence was improper post hac rationalization).

contradicted by another doctor, the ALJ may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1160–61. Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" which are supported by substantial evidence in the record. *Id.* at 1161; *Bayliss*, 427 F.3d at 1216.

As a preliminary matter, it is unclear to the Court whether Plaintiff is challenging the weight given to Plaintiff's treating physicians or the weight given to the state agency physicians. To the extent Plaintiff argues the ALJ improperly ignored the opinions of various treating physicians, the Court does not agree. The ALJ is not required to discuss every piece of evidence in the record; rather, the ALJ must only explain why "significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984). Medical opinions that significantly "predate the alleged onset of disability are of limited relevance" and therefore may not be significant probative evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Here, while the ALJ does appear to have ignored the opinions at issue, these opinions predate the relevant period by seven to fourteen years. For example, Dr. Fleming prepared her report in December 2001, with a follow up in May 2002. Tr. 412–14. Dr. Wesely prepared a report in May 2002. Tr. 415. Both Dr. Mitchell and Dr. Rovetti prepared reports in March 2003. Tr. 429–36. Dr. Chech prepared a report in 2007. Tr. 483–84. Dr. Lewandowski prepared a report in 2009. Tr. 499. While Plaintiff argues these opinions are still relevant because the record shows "a progressive decline" in Plaintiff's condition, the Court does not agree. Plaintiff does not identify any records that document changes to Plaintiff's condition between 2009 (the date of the most recent opinion) and 2015 (the alleged disability onset date). To the contrary, Plaintiff's

earning history suggests that Plaintiff continued working—with significant earnings—between 2012 and 2015. Tr. 239; 263. The Court also notes that a medical record from June 2015 suggests that, prior to this date, Plaintiff's findings were generally normal, and he was able to manage his back pain without medication. Tr. 514–15. Thus, with no further argument as to the relevancy of these medical opinions, the Court finds that the ALJ did not err in failing to discuss them.[4]

To the extent Plaintiff challenges the weight given to the opinions of state agency physicians, Plaintiff appears to argue that, contrary to the ALJ's findings, these opinions are not consistent with the medical record as a whole. However, Plaintiff fails to identify any contradictory medical evidence other than the reports discussed above—which again, significantly predate the state agency physician opinions at issue.[5] Moreover, the ALJ did not rely on these state agency physicians' opinions to discount other medical opinions in the record or afford them more weight than any relevant treating physician's opinion. Plaintiff offers no

---

[4] The Court also notes that Plaintiff appears to challenge the ALJ's finding that there was "not sufficient objective medical evidence to substantiate" his complaints of depression by arguing the ALJ impermissibly deferred to the state agency psychologists while "[Plaintiff]'s treating physicians note that [Plaintiff] suffered from depression." Pl. Reply 6. Plaintiff's citations to the record are unpersuasive. Plaintiff again cites a number of records that significantly predate the relevant period. Tr. 415, 421, 500–03. To the extent Plaintiff cites relevant records, these records do not contain objective medical evidence, an official diagnosis, or evidence of treatment. *See Ukolov v. Barnhart*, 420 F.2d 1002, 1005 (9th Cir. 2005) (SSR 96–4p "clarified that "[a]lthough the regulations provide that the existence of a medically determinable physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, the regulations further provide that under no circumstances may the existence of an impairment be established on the basis of symptoms alone."). The Court cannot therefore conclude that the ALJ erred in finding there was "not sufficient objective medical evidence to substantiate this medical condition." Tr. 29.

[5] To the extent Plaintiff argues that these opinions are inconsistent with Plaintiff's subjective symptom testimony, Plaintiff fails to explain *how* his pain testimony (e.g., "patient reports that he continues to have daily pain," tr. 540) is inconsistent with the opined limitations at issue. Plaintiff also fails to cite support for his position that an ALJ may not rely on medical opinion evidence that is inconsistent with a claimant's subjective symptom testimony. To the contrary, an ALJ may rely on inconsistent medical opinion evidence to discount subjective symptom testimony. *Carmickles v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 (9th Cir. 2008).

citation to suggest that an ALJ must provide clear and convincing reasons to *accept* a physician's opinion, even if that physician is a non-examining physician. The ALJ did not, therefore, err in his treatment of the medical opinion evidence.

## IV.  RFC

Lastly, Plaintiff argues the RFC is contrary to law because it is not based on all evidence, as required by SSR 96-8. To the extent Plaintiff raises the same issues addressed above, the Court will not review them again here. To the extent Plaintiff raises new issues, the Court finds them too cursory and undeveloped to merit review. *See Carmickle*, 533 F.3d at 1161 n.2; *Knibbs v. Berryhill*, 731 F. App'x 684, 685 (9th Cir. 2018).

## V.  **Remand for Further Proceedings**

The decision of whether to remand for further proceedings or for the immediate payment of benefits is within the Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed and further administrative proceedings must serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ must be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency).

Plaintiff argues that remand for an award of benefits is appropriate. This case, however, is not one that raises the "rare circumstances" that justify this type of remand. Even if the Court credits as true Plaintiff's subjective symptom testimony, the Court sees no argument as to how that testimony would translate into concrete limitations. In other words, it is unclear what impact crediting Plaintiff's testimony would have on the ultimate disability determination. Thus, while the ALJ's decision includes reversible error, the record is not fully developed, and further proceedings are required. The Court therefore declines to remand this case for the payment of benefits.

## CONCLUSION

The decision of the Commissioner is reversed and remanded for further administrative proceedings.

IT IS SO ORDERED.

Dated: _____April 14, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge